Brian N. Platt (#17099)
bplatt@wnlaw.com
Jeremy S. Pratt (#20341)
jpratt@wnlaw.com
**WORKMAN NYDEGGER**
60 East South Temple Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

*Attorney for Plaintiff Apnea Sciences Corporation*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| APNEA SCIENCES CORPORATION *d/b/a* SNORERX, a Nevada Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SHENZHEN SLEEPON TECHNOLOGY CO., LTD., a Chinese Company,<br><br>Defendant. | Case No: 2:26-cv-112<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Apnea Sciences Corporation *dba* SnoreRx ("ASC" or "Plaintiff") complains and alleges the following against Defendant Shenzhen Sleepon Technology Co., Ltd., ("Sleepon" or "Defendant").

## THE PARTIES

1. Plaintiff ASC is a Nevada corporation with a registered agent at CT Corporation System, 701 S. Carson St. Suite 200, Carson City, Nevada 89701 and a principal place of business at 2518 Anthem Village Drive #101, Henderson, Nevada 89052.

2. Defendant Shenzhen Sleepon Technology Co., Ltd. (Chinese: 深圳市思立普科技有限公司, Unified Social Credit Code: 91440300354468364R) is a limited company organized in China with a registered address at 11-302 Haiyueyiqi, Haiyue Street, Nanshan District, Shenzhen, Guangdong China 518000.

**JURISDICTION**

3. This Court has subject-matter jurisdiction over the patent infringement claims under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq*.

4. The Court has personal jurisdiction over Defendant because it has committed acts of patent infringement in this Judicial District in violation of 35 U.S.C. §§ 100, *et seq*. Defendant has purposefully placed infringing products into the stream of commerce with the knowledge and expectation that such products would be sold in this Judicial District and throughout the United States. In addition, Defendant derives substantial revenue from the sales of the accused product within this District and in the United States, and it derives substantial revenue from interstate and international commerce flowing to and from this District and the United States. Moreover, an exercise of personal jurisdiction over Defendant is proper under Utah's Long Arm Statute and Federal Rule of Civil Procedure 4(k)(2).

5. Venue is proper in this Judicial District under 28 U.S.C. § 1391(c)(3) because Defendant is a foreign entity that does not reside in the United States.

**BACKGROUND**

6. This is an action for patent infringement under 35 U.S.C. § 271.

7. ASC has been in the business of medical appliances for more than 15 years and

focuses on providing innovative medical products to treat and manage sleep disorders. Among the products offered by ASC is SnoreRx, a custom-fitted adjustable anti-snoring device.

8.      SnoreRx is an intra-oral device that each user customizes to their particular bite. The product reduces or eliminates snoring by gently moving the lower jaw forward, incrementally, which pulls the user's tongue forward and opens the airway, thereby preventing snoring. One of the innovative features of SnoreRx is the ability to adjust the lower jaw placement setting gradually as opposed to having only one setting.



https://www.snorerx.com/snorerx/

9.      ASC is the owner by assignment of U.S. Patent No. 8,833,374 (the "'374 Patent" or "Asserted Patent") titled "Intra-Oral Mandibular Advancement Appliance," which is attached hereto as Exhibit A.

10.     The '374 Patent claims technology relating to a mouthpiece used to prevent snoring and was issued on September 16, 2014. The '374 Patent bears a filing date of August 29, 2011. ASC is the exclusive licensee of the '374 Patent, with the right to sue for past infringement.

11.     Claim 15 of the '374 Patent reads as follows:

3

> An intra-oral mandibular advancement appliance to be inserted in the mouth of a patient so as to permit the position of the lower jaw of the patient to be adjusted relative to the upper jaw to maintain an airway to the throat through which the patient can breathe while sleeping, said appliance comprising:
>
> an upper tray assembly against which the teeth of the patient's upper jaw are seated; and
>
> a lower tray assembly against which the teeth of the patient's lower jaw are seated,
>
> one of said upper tray assembly and said lower tray assembly including at least one upstanding position control block having at least one first set of teeth running therealong and the other one of said upper and lower tray assemblies having a locking channel recessed therein and having a complementary set of locking teeth running therealong, said position adjustment block being received within said recessed locking channel such that said first and complementary sets of teeth are meshed together in releasable interlocking engagement to prevent a displacement of said lower tray assembly relative to said upper tray assembly,
>
> said lower tray assembly being responsive to a lateral compressive squeezing force applied thereto to correspondingly change the shape of and deform said lower tray assembly and thereby enable the first and complementary sets of teeth of said position adjustment block and said locking channel to be released from their interlocking engagement with one another so as to permit said upstanding position adjustment block to slide through said recessed locking channel whereby the positions of said lower tray assembly and the patient's lower jaw are correspondingly adjusted relative to the positions of said upper tray assembly and the patient's upper jaw.

*See* Exhibit A ('374 Patent at cl. 15.)

12. Defendant makes, uses, sells, and/or offers for sale the Anti-Snoring Device M2 ("M2 Product" or "Accused Product"), shown below:



https://shop.sleepon.us/products/mrd-m2

13. Defendant instructs users of the M2 Product to place the M2 Product in their mouths to move the user's lower jaw forward to prevent or reduce snoring.

14. The M2 Product satisfies every requirement of at least claim 15 of the '374 Patent, either literally or under the doctrine of equivalents.

15. ASC has not given Defendant permission to carry out its actions that infringe the '374 Patent.

16. Defendant manufactures, uses, sells, and/or offer for sale of the M2 Product within the United States and/or Defendant's importation of the M2 Product into the United States constitutes direct infringement of at least claim 15 of the '374 Patent under 35 U.S.C. § 271(a), and Defendant's actions constitute inducement of direct infringement of at least claim 15 of the '374 Patent by users of the M2 Product under 35 U.S.C. § 271(b).

17. As a result of Defendant's infringement, ASC has incurred actual damages, including lost profits and/or loss of reasonable royalties, has incurred irreparable harm, and will incur irreparable harm if Defendant does not cease their infringement.

### FIRST CLAIM FOR RELIEF
### Patent Infringement
### 35 U.S.C. § 271(a)

18. ASC incorporates and realleges the allegations of paragraphs 1-17 as if fully set forth herein.

19. The '374 Patent, entitled "Intra-Oral Mandibular Advancement Appliance," was duly and lawfully issued by the United States Patent and Trademark Office on September 16, 2014.

20. ASC is the exclusive licensee of the '374 Patent and possesses all rights of recovery under the '374 Patent, including the right to recover damages for past infringement.

21. ASC has provided the Defendant with actual notice of their infringement of the '374 Patent through written correspondence to Defendant dated October 23, 2025 a copy of which is attached hereto as Exhibit B.

22. Without license or authorization, Defendant makes, uses, imports, offers for sale, and/or sells the M2 Product that infringes the '374 Patent.

23. As a non-limiting example, set forth below is an exemplary infringement claim chart for claim 15 of the '374 Patent in connection with the Accused Product. This claim chart is based on publicly available information, and ASC reserves the right to modify this claim chart, including, for example, on the basis of information about the Accused Product that ASC obtains in discovery.

| Patent Claim | Infringing Product - Exemplary |
|---|---|
| **15. An intra-oral mandibular advancement appliance to be inserted in the mouth of a patient so as to permit the position of the lower jaw of the patient to be adjusted relative to the upper jaw to maintain an airway to the throat through which the patient can breathe while sleeping**, said appliance comprising: | <br><br>https://shop.sleepon.us/products/mrd-m2 |
| an **upper tray assembly against which the teeth of the patient's upper jaw are seated;** and | <br><br>https://youtu.be/FuQEgXHEEdQ?t=5<br><br><br><br>https://youtu.be/-sT39AMoe1M?t=50 |

7

| Patent Claim | Infringing Product - Exemplary |
|---|---|
|  | https://shop.sleepon.us/products/mrd-m2 |
| a **lower tray assembly against which the teeth of the patient's lower jaw are seated**, | https://youtu.be/FuQEgXHEEdQ?t=5 <br><br> STEP5 <br> The top tray of M2 is indicated by the word 'UPPER'. Center your teeth into both the top and bottom of M2 groove and bite down firmly for **30 SECONDS** to create your custom impression. <br><br> https://youtu.be/-sT39AMoe1M?t=50 |

| Patent Claim | Infringing Product - Exemplary |
|---|---|
| | https://shop.sleepon.us/products/mrd-m2 |
| one of said **upper tray assembly** and said **lower tray assembly** including **at least one upstanding position control block having at least one first set of teeth running therealong** and the other one of said upper and lower tray assemblies **having a locking channel recessed therein and having a complementary set of locking teeth running therealong,** | https://youtu.be/FuQEgXHEEdQ?t=10 |

| Patent Claim | Infringing Product - Exemplary |
|---|---|
| said **position adjustment block** being received within said **recessed locking channel** such that said **first and complementary sets of teeth are meshed together in releasable interlocking engagement to prevent a displacement of said** lower tray assembly relative to said upper tray assembly, | <br>https://youtu.be/FuQEgXHEEdQ?t=21 |
| said lower tray assembly being responsive to a **lateral compressive squeezing force applied thereto to correspondingly change the shape of and deform said lower tray assembly and thereby enable the first and complementary sets of teeth of said position adjustment block and said locking channel to be released from their interlocking engagement with one another so as to permit** said upstanding position adjustment block to slide through said recessed locking channel whereby the positions of said lower tray assembly and the patient's lower jaw **are correspondingly adjusted relative to the positions of said** upper tray assembly and the patient's upper jaw. | <br>https://youtu.be/-sT39AMoe1M?t=86 |

| Patent Claim | Infringing Product - Exemplary |
|---|---|
| | https://shop.sleepon.us/products/mrd-m2 <br><br> https://shop.sleepon.us/products/mrd-m2 |

24. Defendant has directly infringed at least claim 15 of the '374 Patent in violation of 35 U.S.C. § 271(a) by making, using, importing, offering for sale, and/or selling the M2 Product within the United States. As such, Defendant is liable for direct infringement of the '374 Patent.

25. Defendant has indirectly infringed the '374 Patent in this District and elsewhere in the United States by inducing others to make, use, offer for sale, and/or sell the M2 Product in violation of 35 U.S.C. § 271(b). Defendant has actual knowledge of its infringement of the '374 Patent. As such, Defendant is liable for indirect infringement of the '374 Patent under 35 U.S.C. § 271(b).

26. Defendant's infringement of the '374 Patent is willful, and this case is exceptional.

27. ASC has suffered harm as a result of Defendant's infringement of the '374 Patent, including in the form of lost profits and diverted sales and market share. ASC is therefore entitled to recover damages sustained as a result of Defendant's wrongful acts in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, ASC respectfully requests that the Court provide the following relief in favor of ASC and against Defendant as follows:

A. A judgment that Defendant has infringed, directly and/or indirectly, the '374 Patent, either literally or under the doctrine of equivalents;

B. A preliminary and permanent injunction pursuant to 35 U.S.C. § 283 prohibiting Defendant from future infringement of the '374 Patent;

C. An award of damages under 35 U.S.C. § 284 for Defendant's infringement of the '374 Patent;

D. A finding that Defendant's conduct alleged herein was willful and that this case is exceptional;

E. A trebling of damages under 35 U.S.C. § 284 for Defendant's willful infringement of the '374 Patent;

F. A declaration that this is an exceptional case and an award of attorney fees pursuant to 35 U.S.C. § 285;

G. An award of costs pursuant to Fed. R. Civ. P. 54(d)(1) and/or 28 U.S.C. § 1920;

H. An order directing that, upon a finding of infringement and to the extent that Defendant is the manufacturer of the Accused Product, Defendant surrenders to Plaintiff or destroys any and all molds, tooling, and equipment used primarily or exclusively in the manufacture of the infringing Accused Product.

I. Any such other and further relief as the Court may deem equitable and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial on all matters triable to a jury.

DATED February 9, 2026.    Respectfully submitted,

WORKMAN NYDEGGER

By: /s/ Brian N. Platt
Brian N. Platt
Jeremy S. Pratt

*Attorneys for Plaintiff Apnea Sciences Corporation*