**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| APNEA SCIENCES CORPORATION *d/b/a* SNORERX, a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHENZHEN SLEEPON TECHNOLOGY CO., LTD., a Chinese Company,<br><br>Defendant. | **MEMORANDUM DECISION DENYING PLAINTIFF'S EX PARTE MOTION FOR ALTERNATIVE SERVICE**<br><br>Case No. 2:26-cv-00112-TC-CMR<br><br>Judge Tena Campbell<br><br>Chief Magistrate Judge Cecilia M. Romero |

Before the court is Plaintiff's *Ex Parte* Motion for Alternate Service (Motion) (ECF 3). Plaintiff seeks to serve Defendant Shenzhen Sleepon Technology Co., LTD. (Defendant) through email pursuant to Federal Rules of Civil Procedure 4(f)(3). For the reasons set forth below, the court enters the following Memorandum Decision and Order DENYING the Motion.

## I. BACKGROUND

Plaintiff Apnea Sciences Corporation *dba* SnoreRx (Plaintiff) filed the Complaint in this matter on February 9, 2026, asserting claims of patent infringement under 35 U.S.C. § 271, regarding Plaintiff's U.S. Patent No. 8,833,374 (ECF 1 ¶ 6–9). In the Complaint, Plaintiff states that on information and belief, Defendant is a limited company organized in China (*id.* ¶ 2).

In the Motion, Plaintiff asserts that Defendant has no physical presence in the United States and operates from China (ECF 3 at 2). Defendant apparently manufactures and ships products from China to the United States for sale (*id.*). Plaintiff further asserts that aside from operating from China, Defendant also primarily communicates to customers and operates its business via email at "service@sleepon.us" which can be found on Defendant's website (*id.* at 2–3). Plaintiff has

attempted to reach out to Defendant in efforts to waive service of the summons by sending emails to the address listed above, however, Plaintiff has not received a response from Defendant nor their counsel (*id*. at 3).

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 4(h)(2) provides that a foreign corporation may be served "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery." Fed. R. Civ. P. 4(h)(2). Federal Rule of Civil Procedure 4(f) governs service of individuals in a foreign country and permits service as follows:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice [as enumerated in subsection (A)–(C)]; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Rule 4(f) does not prioritize any specific method of service, and parties are not obligated to follow Rule 4(f)(1) or (2) prior to using Rule 4(f)(3). *See Purple Innovation, LLC v. Chuang Fan Handicraft Co., Ltd.*, No. 2:22-CV-00620, 2023 WL 3168485, at *1 (D. Utah Apr. 28, 2023) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)).

Service under Rule 4(f)(3) has two requirements: (1) it "must comport with constitutional notions of due process," and (2) "must not be prohibited by international agreement." *Rio Props.*, 284 F.3d at 1015. The first requirement requires that the method of service be "reasonably calculated to provide notice and an opportunity to respond." *The Neck Hammock, Inc v. Danezen.com*, No. 2:20-cv-287-DAK-DBP, 2020 WL 6364598, at *11–12 (D. Utah Oct. 29, 2020)

(quoting *Rio Props.*, 284 F.3d at 1017). The Tenth Circuit has held that the relevant inquiry under the second requirement is whether an international agreement, such as the Hague Convention, prohibits the requested method of service. *DP Creations, LLC v. Jiaheng*, No. 2:22-cv-772-TC-DBP, 2023 WL 318259, at *1–2 (D. Utah Jan. 19, 2023) (citing *Compañía De Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1294 (10th Cir. 2020)). Ultimately, the decision to order service of process under Rule 4(f)(3) "is committed to the sound discretion of the district court." *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 278 (S.D.N.Y. 2013) (quoting *United States v. Lebanese Canadian Bank*, 285 F.R.D. 262, 266 (S.D.N.Y. 2012)).

## III. DISCUSSION

Regarding the first requirement for service under 4(f)(3), Plaintiff argues that service by email comports with constitutional notions of due process and relies on authority within this district and from other jurisdictions (ECF 3 at 6–8). Indeed, this court as well as many others have held that service of process by email can be reasonably calculated to provide a party with notice of an action and an opportunity to respond. *See, e.g.*, *Deseret Book Co. v. Nanjing Lian Yidu Trading Co.*, No. 2:24-cv-00961-JNP, 2025 WL 252810, at *3–4 (D. Utah Jan. 21, 2025) (noting the limitations associated with service of process by email but ultimately granting the plaintiff's request for service via email stating it was likely "the best way to effect service of process on the defendant"); *DP Creations*, 2023 WL 318259, at *2 (holding email service comports with due process when the defendant provided Amazon with its email address in response to its infringement notification); *Rio Props.*, 284 F.3d at 1017 (concluding "[w]ithout hesitation" that service of process by email met constitutional due process requirements).

Here, however, it is not clear that serving Defendant via the email provided on their website would be reasonably calculated to provide them with notice of this action and an opportunity to respond. Plaintiff argued in the Motion that it attempted to contact Defendant at the email address listed above to obtain a waiver of service, to which Plaintiff has not received a response (ECF 3 at 3). While this court has found service by email to satisfy this first requirement, the relevant authority on this typically has more facts indicating why service via email would provide those specific defendants with notice of an action and a fair opportunity to respond. *See, e.g.*, *Cricut, Inc. v. Shanghai Sishun E-Commerce Co.*, No. 2:24-cv-747, 2025 WL 1333004, at *3 (D. Utah May 7, 2025) (holding email service to defendant's retained counsel was sufficient because defendant's counsel had been hired to represent them for the matter at hand and clearly had been in direct communication with defendants regarding matters of the pending case); *DP Creations*, 2023 WL 318259, at *2 (holding email service comported with due process because, among other things, defendant provided Amazon with its email address in response to its infringement notification, and defendant agreed to accept service of process in its response); *Origins Tech., Inc., v. Oak Equity Holdings II, LLC*, 2025 WL 2652482, No. 2:23-cv-326, at *3 (D. Utah Sep. 16, 2025) (holding email service was sufficient because plaintiffs' counsel had direct communication with two of defendants' lawyers, and those lawyers have appeared in this case on his behalf).

This court has also regularly denied service via email where the plaintiff has not shown that emailing the defendant is reasonably calculated to apprise the defendant of the action being handled. *See, e.g.*, *Sport Dimension, Inc., v. Drip Floats LLC*, No. 2:24-cv-912, 2025 WL 1446415, at *2 (D. Utah May 20, 2025) (holding that email was not reasonably calculated to apprise defendants in part because the plaintiff had not demonstrated where they obtained the emails, nor whether they were valid and active); *Ammerman v. Fisher*, No. 2:24-cv-790, 2025 WL 934710, at

*2 (D. Utah March 27, 2025) (holding service by email not sufficient because plaintiff had failed to show an actual connection between the email and defendant, nor had plaintiff shown that email address was active and current).

In *Ammerman*, the plaintiffs requested to effect alternate service by emailing the defendant at an address listed on a law firm's website. *Ammerman*, 2025 WL 934710, at *1. The court held the proposed method was not reasonably calculated to effect service because the plaintiffs failed to demonstrate whether the email address was active or current. *Id.* at *2. The court noted that the plaintiff could have shown the email address was active or current by showing any prior successful communication through the address, however, plaintiffs had not demonstrated any successful communication. *Id.* The court also found that the plaintiff had not linked the defendant to the email address listed on his law firm's website, and without such link, service could not be reasonably calculated to apprise the defendant. *Id.*

Here, Plaintiff has not made the court aware of any efforts to serve the Defendant thus far. Plaintiff has only shown that Defendant is a Chinese corporation that operates its business primarily through the internet and has, on its website, an email address listed for customers to contact them regarding support (ECF 3 at 2–3). While Defendant is an online based company that primarily operates its business through the internet, Plaintiff has not shown how emailing the listed email address will be reasonably calculated to provide notice of the suit and an opportunity to respond. Plaintiff did not obtain a response when reaching out to that very same email address, nor show any indication of Defendant responding to other communications forwarded to that email. Plaintiff has also not submitted any declaration that would help the court determine what efforts Plaintiff made prior to submitting the Motion, either attempting to serve Defendant or verifying their email address is current and active. Accordingly, Plaintiff has not met its burden of showing

that the alternate means of service through email would be reasonably calculated to provide Defendant with notice of this action and an opportunity to respond.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Ex Parte Motion for Alternative Service is DENIED without prejudice.

IT IS SO ORDERED.

DATED this 27 August 2026.

Cecilia M. Romero

Chief Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah